UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**VALERIE MINER**; *and* **DAVID MINER,**

               **Plaintiffs,**                   **8:06-CV-728
                                                                (GLS/RFT)**

              **v.**

**CLINTON COUNTY**; **NEW YORK**; *and*
**JANET DUPREY,** *in her Official Capacity
as Clinton County Treasurer*,

               **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**FOR THE PLAINTIFFS:**

Office of Mark A. Schneider              MARK A. SCHNEIDER, ESQ.
57 Court Street
Plattsburgh, NY 12901

**FOR THE DEFENDANTS:**

Maynard, O'Connor Law Firm            ROBERT A. RAUSCH, ESQ.
6 Tower Place
Albany, NY 12203

**Gary L. Sharpe
U.S. District Judge**

## DECISION AND ORDER

### I. Introduction

Pending before the court is defendants' motion for attorney's fees

under 42 U.S.C. § 1988.  For the reasons that follow the motion is granted.

## II. **Background**

On March 13, 2006, Clinton County Court transferred title in property previously owned by plaintiffs Valerie and David Fowler to defendant Clinton County by default judgment and order of foreclosure.  Despite the fact that plaintiffs had received and ignored actual notice of the foreclosure and redemption deadline, they moved to reopen and vacate the default judgment and order.  Clinton County Court denied their motion.  Plaintiffs then commenced this action under 42 U.S.C. § 1983.[1]  Plaintiffs essentially claimed that their due process and equal protection rights had been violated because they were not allowed to redeem their property subsequent to the redemption deadline and entry of default, or recover any surplus from the foreclosure sale.  On April 12, 2007, this court granted summary judgment in favor of the defendants on the merits, and dismissed plaintiffs action.  (*See* Dkt. No. 28.)  The court's decision was subsequently affirmed by the Second Circuit, and the Supreme Court denied certiorari. (See Dkt. Nos. 35, 39:3.)

---

[1] Plaintiffs also appealed the Clinton County Court's decision to the Appellate Division, which affirmed on April 12, 2007.

2

Presently before the court is defendants' motion for $14,659.94 in attorney's fees and costs pursuant to 42 U.S.C. § 1988.

### III. Discussion

### A. Propriety of a Fee and Cost Award to Defendants

"Under 42 U.S.C. § 1988(b), in any action to enforce Section 1983, a district court, 'in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.'" *Panetta v. Crowley*, 460 F.3d 388, 399 (2d Cir. 2006) (quoting 42 U.S.C. § 1988(b)). "Fees are regularly awarded to prevailing plaintiffs who obtain some significant measure of relief but not to prevailing defendants." *Id.* (citing *Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980) (per curiam)). "Instead, 'a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" *Id.* (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)).

In this action, plaintiffs essentially contended that their constitutional rights were violated because defendants refused to allow redemption or recovery of any surplus from a tax foreclosure sale of their property after the redemption deadline had passed. However, judges in this district have

3

repeatedly rejected plaintiffs' counsel's assertion that individuals on adequate notice of a pending foreclosure are constitutionally entitled to redeem foreclosed property after the redemption period has expired and a default judgment has been entered. *See, e.g., Zachary v. Clinton County, N.Y.*, No. 1:01CV1281(FJS/DRH), 2003 WL 24197685, at \*4-6 (N.D.N.Y. Jan. 10, 2003) (Scullin, C.J.), *aff'd*, 86 Fed. Appx. 451 (2d Cir. 2004); *Farbotko v. Clinton County, NY*, 168 F. Supp. 2d 31, 37-46 (N.D.N.Y. 2001) (Homer, M.J.); *see also Luessenhop v. Clinton County, N.Y.*, 378 F. Supp. 2d 63, 72-73 (N.D.N.Y. 2005) (Treece, M.J.), *rev'd on other grounds*, 466 F.3d 259 (2d Cir. 2006). Similarly, plaintiffs' counsel has unsuccessfully argued on multiple occasions that municipalities are constitutionally prohibited from retaining surplus funds received from a tax foreclosure sale regardless of the adequacy of foreclosure notice provided. *See Lussenhop*, 378 F. Supp. 2d at 72-73; *Zachary*, 2003 WL 24197685, at \*6-7; *Farbotko*, 168 F. Supp. 2d at 37 n.6. Indeed, this argument flies in the face of Supreme Court precedent. *See Nelson v. City of New York*, 352 U.S. 103, 110 (1956). As such, it would certainly appear that plaintiffs' attempt to relitigate these issues here was unreasonable and groundless.

Nevertheless, plaintiffs contend that it was reasonable to bring this

4

action because, contrary to the case in *Nelson*, the defendants here did not provide any opportunity to claim a potential surplus from a tax sale. However, this argument is just as lacking in merit as it was when then Chief Judge Scullin rejected it in *Zachary*.  *See Zachary*, 2003 WL 24197685, at *7 n.14.  As noted there, the notice provided to the plaintiffs specifically indicated that "[e]very person having any right, title or interest in or lien upon [the subject property] may serve a duly verified answer ... setting forth in detail the nature and amount of his or her interest and any defense or objection to the foreclosure.... [by] the last day for redemption."  (*See* Notice of Foreclosure; Dkt. No. 12:13.)  The fact that plaintiffs ignored this notice and failed to timely claim any surplus can in no way be construed to implicate "a statute which absolutely precludes an owner from obtaining the surplus proceeds of a judicial sale."  *Nelson*, 352 U.S. at 110.

The court also rejects plaintiffs' counsel's brazen contention that plaintiffs were entitled to ignore the above cited district and circuit cases because they were either reversed or are non-precedential.  While *Lussenhop* was admittedly reversed for reasons irrelevant to this case, both *Zachary* and *Farbotko* remain viable decisions in this district. Contrary to plaintiffs' counsel's contention, the fact that *Zachary* was not

5

published in the Federal Supplement is entirely immaterial to its weight. "District judges may decide to publish or not publish a given decision in West's bound volumes for any number of reasons, but the fact of publication in hard copy does not make a district court decision any more or less precedential or persuasive than one that is only published electronically." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. BP Amoco P.L.C.*, 319 F. Supp. 2d 352, 362 n.6 (S.D.N.Y. 2004). Further, while the Circuit's summary order affirming *Zachary* has no precedential value, *see* 2d Cir. R. § 32.1(b), it clearly gave no cause to believe that the exact same arguments rejected repeatedly in the past would be any more acceptable in this action. Thus, plaintiffs' claims in the present instance were clearly groundless and unreasonable.[2] Accordingly, defendants will be granted an award of reasonable attorney's fees and costs.

## B.   Amount of Fee Award

As to the amount of attorney's fees to award, courts within the Second Circuit apply the "presumptively reasonable fee analysis" in determining the appropriate remuneration. *Porzig v. Dresdner, Kleinwort,*

---

[2] Plaintiffs have not opposed defendants' contention that the remaining grounds upon which relief was sought were unreasonable and frivolous. Thus, the court deems the point conceded.

*Benson, North America LLC*, 497 F.3d 133, 141 (2d Cir. 2007).  This analysis "involves determining the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multiplying the two figures together to obtain the presumptively reasonable fee award." *Id.*  In determining what is reasonable the following factors are useful:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 114 n.3 (2d Cir. 2007) (citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

Many of the above factors cannot be evaluated on the submissions of the parties.  However, it appears defendants' counsel spent .3 hours on the case at a rate of $105/hour, 73.2 hours on the case at a rate of $110/hour,

and 49.5 hours on the case at a rate of $120/hour.[3]  (*See* Dkt. Nos. 24:6, 30:3, 39:4.)  As to the difficulty of the questions presented and the skill required to handle the case; property tax litigation certainly has the potential to become very complex and requires attorneys extremely conversant with the practice area.  However, the court must take into account the fact that defendants' counsel has litigated these exact issues before, significantly limiting the labor required and complexity of the action.  Nor did the acceptance of this case likely preclude defendants' counsel from pursuing other opportunities. Nevertheless, a review of the submitted time sheets indicates that defendants' counsel kept his hours somewhat reasonable, and appears to be billing at an appropriate rate.  As such the court grants defendants attorney's fees in the amount of $14,023.50.

## C. Cost Award

FED. R. CIV. P. 54(d)(1) states in relevant part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs ... should be allowed to the prevailing party."  The costs a prevailing party may recover include clerk's fees, fees for transcripts necessarily obtained for use in the

---

[3] It should be noted that there are redundant time entries on August 6, 2008, September 13, 2008, and September 15, 2008, which the court has only counted once.  (*Compare* Dkt. No. 39:4, *with*, Dkt. No. 30:3.)

case, fees for printing and witnesses, fees for copies necessarily obtained for use in the case, and a $20 dollar docket fee.  See 28 U.S.C. §§ 1920, 1923.  Where there has been an award of attorney's fees, a prevailing party may also recover the attorney's out-of-pocket disbursements charged to the client.  *See, e.g., U.S. Media Corp., v. Edde Entm't, Inc.*, No. 94 Civ. 4849 (MHD), 1999 WL 498216, at *7-8 (S.D.N.Y. July 14, 1999).  However, the only appellate costs which the prevailing party may tax in the district court are those for the preparation and transmission of the record, the reporter's transcript, premiums paid for a bond, and the filing fee for the notice of appeal.  *See* FED. R. APP. P. 39(a), (e).  The cost of producing copies for appeal is not taxable in the district court.  *See* FED. R. APP. P. 39(a), (c), (e).

Here, defendants incurred $137.95 in mileage costs for their attorney, $228.00 in stenographer fees, and $105.34 in copying fees when the case was before this court.  (*See* Dkt. Nos. 24:6, 30:3, 39:4.)  The remaining copying fees appear to have been incurred in connection with the appeals of this action, and are thus denied.  Accordingly, defendants are awarded $471.29 in costs.

### IV. **Conclusion**

9

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the defendants' motion for an award of attorney's fees and costs against the plaintiffs (Dkt. Nos. 24, 30, 39) is **GRANTED** in the amount of $14,494.79; and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

July 15, 2009
Albany, New York

*Gary L. Sharpe*
United States District Court Judge